# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| HCL AMERICA INC., HCL TECHNOLOGIES LIMITED, and HCL TECHNOLOGIES CORPORATE SERVICES LTD.<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN TELECONFERENCING SERVICES, LTD., d/b/a PREMIERE GLOBAL SERVICES,<br><br>Defendant. | CASE NO.: |

## COMPLAINT

Plaintiffs HCL America Inc., HCL Technologies Limited, and HCL Technologies Corporate Services Ltd. say by way of Complaint against Defendant, American Teleconferencing Services, Ltd., d/b/a Premiere Global Services, as follows:

## PARTIES & JURISDICTION

1. Plaintiff HCL America Inc. is a California corporation. HCL America Inc. is an expert in software development and provides software quality assurance services.

2. Plaintiff HCL Technologies Limited is an Indian corporation and an affiliate of HCL America Inc.

3. Plaintiff HCL Technologies Corporate Services Ltd. is a United Kingdom corporation and an affiliate of HCL America Inc. (collectively with HCL America Inc. and HCL Technologies Limited, "HCL")

4. Upon information and belief, Defendant American Teleconferencing Services, Ltd., d/b/a Premiere Global Services ("PGi") is a Georgia corporation which provides audio and web-based conferencing and collaboration services.

5. Jurisdiction in this court has been conferred pursuant to a mandatory exclusive forum selection clause in the contract between the Parties which provides that the federal and state courts located within Fulton County, Georgia, shall have exclusive jurisdiction to resolve any disputes arising hereunder.

6. Further, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity between the parties and the amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

## FACTS COMMON TO ALL COUNTS

7. In 2018, the parties entered into negotiations whereby HCL would confer software development and quality assurance services to PGi.

8. These negotiations culminated in a Strategic Consulting & Professional Services Agreement ("PSA"), dated December 1, 2018, by and between HCL and PGi. A true and correct copy of the PSA is attached as **Exhibit A**.

9. Pursuant to the PSA, HCL would provide software development and quality assurance services to PGi. The specific services to be performed were to be delineated via a series of Statements of Work ("SOWs") which were separate contracts that needed to be executed by the parties.

10. Effective October 20, 2020, HCL and PGi entered into SOW No. 8 whereby HCL agreed to provide internal development of the PGi GlobalMeet Collaboration product and to provide product engineering, support, and operations to PGi. A true and correct copy of SOW No. 8 is attached as **Exhibit B**.

11. Pursuant to SOW No. 8, HCL is paid through a revenue sharing model based on a percentage rate of the revenue invoiced by PGi to its customers, as detailed in SOW No. 8.

12. Section 5.1 of the PSA provides that "[u]nless reasonably disputed," any invoice must be paid within 45 days.

13. Section I(4) of SOW No. 8 modifies this provision and states that invoices issued pursuant to SOW No. 8 must be paid within 15 days.

14. HCL complied with all of its contractual obligations under the PSA and SOWs, and PGi was pleased with HCL's performance and continued requesting that HCL provide PGi with various services.

15. Pursuant to SOW No. 8, on a monthly basis and within 10 days from the end of each calendar month, PGi was to provide a Fee report to HCL. The Fee report would detail PGi's monthly revenue so that HCL could invoice PGi for HCL's share of the revenue split, as detailed in SOW No. 8.

16. Pursuant to SOW No. 8, PGi was to make full payment of HCL's invoices within 15 days of receipt.

17. Pursuant to the PSA, if PGi failed to make full payment of HCL's invoices within the "specified period" as defined in a SOW, HCL received the right to charge interest on the unpaid balance at the rate of 1% per month.

18. Beginning with the HCL invoice received by PGi on February 3, 2021, PGi defaulted under the PSA and SOW No. 8 by failing to remit payment. Attached as **Exhibit C** are true and correct copies of PGi's outstanding invoices.

19. PGi continued to default and materially breach its contracts by failing to render payment for HCL's invoices provided thereafter.

20. By letter dated September 9, 2021, HCL issued a formal material breach notice to PGi and demanded that PGi cure its default. In this letter, HCL

notified PGi that, pursuant to the PSA, if PGi did not cure its material breach within 20 days of the letter, HCL may exercise its right to terminate the contract.

21. By letter dated October 12, 2021, HCL sent another letter to PGi and demanded that PGi cure its default.

22. By letter dated October 22, 2021, PGi stated that it "wanted to take this opportunity to personally thank [HCL] and your legal team for proactively reaching out and sending the October 12, 2021 letter" which was addressed to new recipients at PGi. In this letter PGi committed to providing HCL with its position on the outstanding invoices by November 1, 2021.

23. PGi never provided HCL with its position on the outstanding invoices by November 1, 2021 or at any future point.

24. Nor did PGi ever dispute any invoices as required by the contract documents.

25. In fact, following HCL's initial demand letter, PGi continued to request that HCL perform additional services on its behalf pursuant to SOW No. 8.

26. HCL continued to provide services and was hopeful PGi would pay its outstanding invoices, however, PGi failed to remit any payment.

27. By letter dated December 8, 2021, HCL issued PGi a termination notice which terminated SOW No. 8 for cause, and again demanded that PGi repay its outstanding invoices.

28. As of today, PGi has failed to remit any payment. Nor did PGi ever raise any complaints to HCL about its services during the term of SOW No. 8. PGi accepted HCL's invoices and never raised any disputes within the time period allocated by the contract.

29. As of today, PGi owes HCL the following amounts pursuant to the PSA and SOW No. 8:

| InvoiceNo | Invoice date | Amount due in USD | Payment due date as per SOW | No of days for Interest | Accrued Interest in USD | Amount due incl. interest in USD |
|---|---|---|---|---|---|---|
| 57068730 | 3-Feb-21 | 192,000 | 18-Feb-21 | 302 | 19,011 | 211,011 |
| 57076291 | 28-Mar-21 | 788,698 | 12-Apr-21 | 249 | 64,389 | 853,087 |
| 57081039 | 10-May-21 | 699,674 | 25-May-21 | 206 | 47,257 | 746,930 |
| 57082152 | 20-May-21 | 626,942 | 4-Jun-21 | 196 | 40,289 | 667,231 |
| 57087909 | 24-Jun-21 | 585,453 | 9-Jul-21 | 161 | 30,904 | 616,357 |
| 57094272 | 29-Jul-21 | 563,005 | 13-Aug-21 | 126 | 23,259 | 586,264 |
| 57099079 | 24-Aug-21 | 558,014 | 8-Sep-21 | 100 | 18,296 | 576,309 |
| 57106114 | 29-Sep-21 | 518,380 | 14-Oct-21 | 64 | 10,877 | 529,258 |
| 57111141 | 29-Oct-21 | 522,945 | 13-Nov-21 | 34 | 5,830 | 528,775 |
| 57118160 | 6-Dec-21 | 510,913 | 21-Dec-21 |  | - | 510,913 |
| Grand Total |  | 5,566,025 |  |  | 260,111 | 5,826,135 |

| Particulars | Value | Unit |
|---|---|---|
| Rate of Interest as per MSA | 1.0% | per month |
| Payment term as per SOW (H4. Payment & taxes) | 15 | days |
| End date for Interest accrual | 12/16/2021 | |

6

30. Accordingly, PGi owes HCL $5,566,025 on the outstanding invoices and $260,111 in interest charges for a total of $5,826,135.

31. The above does not include HCL's invoices for November services as well as for December services ending on December 8, 2021.

32. PGi has further breached SOW No. 8 by failing to provide HCL with its monthly Fee reports. These reports are required to be provided no later than the 10th day following the preceding calendar month, and are required pursuant to SOW No. 8 for HCL to generate its monthly invoices.

33. HCL is not yet able to generate an invoice for its November or December 2021 services as PGi has separately breached SOW No. 8 and failed to provide HCL with its monthly Fee report for November or December, despite repeated requests from HCL.

34. Under SOW No. 8, HCL is responsible to reimburse $988,347.18 to PGi for Opex reimbursement.

35. Due to PGi's prior material breach and subsequent broken promise to provide HCL with its position as to the unpaid invoices, HCL is ready, willing, and able to pay the $988,347.18 to PGi, and will offset this amount from the outstanding invoices owed by PGi.

## FIRST CAUSE OF ACTION

## Breach of Contract (PSA and SOW No. 8)

36. HCL incorporates the above allegations as though they have been fully set forth herein.

37. HCL entered into a PSA with PGi pursuant to which PGi agreed to make payments to HCL for services rendered pursuant to various SOWs.

38. HCL then entered into SOW No. 8 with PGi pursuant to which PGi agreed to make payments to HCL in the form of a revenue split via the terms contained in SOW No. 8.

39. PGi has materially breached both the PSA and SOW No. 8 by failing to make payment to HCL for services rendered.

40. PGi has further breached SOW No. 8 by failing to provide HCL with its required monthly Fee reports for the months of November and December 2021, despite repeated requests by HCL.

41. HCL complied with all of its contractual obligations under each contract.

42. PGi's misconduct has damaged HCL.

**WHEREFORE**, HCL demands judgment against PGi together with compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION

### Breach of Duty of Good Faith and Fair Dealing (PSA and SOW No. 8)

43. HCL incorporates the above allegations as though they have been fully set forth herein.

44. Under Georgia law, which governs the two contracts, every contract contains an implied duty to act in good faith and deal fairly.

45. PGi breached its duty of good faith and fair dealing with HCL in refusing to pay its outstanding invoices.

46. PGi has further breached its duty of good faith and fair dealing with HCL by refusing to provide its monthly Fee reports, despite repeated requests by HCL. The monthly Fee reports are required for HCL to generate its invoices.

47. As a result, HCL has been damaged in an amount to be determined at trial.

**WHEREFORE**, HCL demands judgment against PGi together with compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION

### Account Stated

48. HCL incorporates the above allegations as though they have been fully set forth herein.

49. HCL has on its account an account stated in the amount of $5,826,135 minus $988,347.18 for Opex reimbursement for a total of $4,837,787.82, plus November and December 2021 services, plus ongoing interest and costs.

50. PGi received HCL's services, and was invoiced for the services, without objection.

51. PGi has failed to pay this account and is benefiting from HCL's services without objection or protest under the time permitted by the contracts.

52. As a result, HCL has been damaged in an amount to be determined at trial.

**WHEREFORE**, HCL demands judgment against PGi together with compensatory damages, punitive damages, attorneys' fees, interest, costs of suit, and such other and further relief as the Court may deem just and proper.

Respectfully submitted this 12th day of January, 2022.

**DLA PIPER LLP (US)**

By: */s/ Christopher Campbell*
Christopher G. Campbell
Georgia Bar No. 789533
Emily B. Marshall
Georgia Bar No. 131072

DLA Piper LLP (US)
1201 West Peachtree Street, Suite 2900
Atlanta, Georgia 30309
Tel.: (404) 736-7800
Facsimile: (404) 682-7800
christopher.campbell@us.dlapiper.com
emily.marshall@us.dlapiper.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that **PLAINTIFFS' COMPLAINT** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia and states that this has been typed in Times New Roman 14 point font.

By: */s/ Christopher Campbell*
Christopher G. Campbell
Georgia Bar No. 789533
