IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HCL America Inc., HCL Technologies Limited, and HCL Technologies Corporation Services Ltd.,<br><br>    Plaintiffs,<br><br>    v.<br><br>American Teleconferencing Services, Ltd., d/b/a Premiere Global Services, Inc.,<br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:22-CV-139-TWT |

**OPINION AND ORDER**

This is an action for breach of contract. It is before the Court on the Defendant's Motion for Temporary Stay [Doc. 48]. For the reasons set forth below, the Defendant's Motion for Temporary Stay [Doc. 48] is GRANTED.

### I.     Background

Plaintiff HCL America Inc. is a California corporation in the business of software development and quality assurance, along with its foreign affiliates, HCL Technologies Limited and HCL Technologies Corporate Services, Ltd. (collectively, "HCL"). (Order on MSJ, Doc. 42, at 1). Defendant American Teleconferencing Services, Ltd. d/b/a Premiere Global Services ("PGi") entered into a Strategic Consulting & Professional Services Agreement ("PSA") with the Plaintiffs, with the services to be provided under the agreement defined in several "Statements of Work" ("SOWs"). (*Id.* at 2-3). The alleged breach of one SOW in particular, SOW No. 8, forms the basis of the Plaintiffs' claims against

...

the Defendant. (*Id.* at 3-6); (Compl. ¶¶ 8-35). The Plaintiffs brought claims against the Defendant for breach of contract, breach of the duty of good faith and fair dealing, and account stated. (Compl. ¶¶ 36-52). The Defendant brought counterclaims for breach of contract and breach of the duty of good faith and fair dealing. (Ans. ¶¶ 26-43).

The Plaintiffs moved for summary judgment as to their claims and later moved to amend that motion to move for summary judgment as to the Defendant's counterclaims as well. In December 2022, the Court denied both motions, finding that there remained genuine issues of material fact as to both the Plaintiffs' claims and the Defendant's counterclaims and that, in any event, a motion to amend a motion for summary judgment was not procedurally proper. (Opinion dated Dec. 19, 2022). After the Plaintiffs filed their motions, but before the Court issued its opinion, the Plaintiffs filed a separate civil action against Rick Mace, the former Chief Executive Officer of PGi, and Michael Havener, the former Chief Financial Officer of PGi, in their individual capacities.[1] Havener notified the Court that the second action was related to the present action, prompting reassignment to the undersigned. Havener and Mace then filed a Motion to Dismiss the second action, and that motion remains pending. In the present action, the Defendant PGi moves to stay proceedings pending resolution of the Motion to Dismiss in the second action.

---

[1] *HCL Am. Inc., et al. v. Mace, et al.*, No. 22-cv-4540-TWT (N.D.Ga.)

(Mot. to Stay at 1). The Motion to Stay [Doc. 48] is now before the Court for review.

## II.    Legal Standards

Courts enjoy broad discretion in managing their own dockets, including staying proceedings. *Patel v. Cuccinelli*, 2019 WL 13273211, at * 1 (N.D. Ga. Nov. 20, 2019); *Tomco Equip. Co. v. S.E. Agri-Systems, Inc.*, 542 F. Supp. 2d 1303, 1307 (Feb. 19, 2008). In determining whether a stay is warranted, courts generally consider the following factors: "(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set." *Tomco Equip. Co.*, 542 F. Supp. 2d at 1307. "Federal courts routinely exercise their power to stay a proceeding where a pending decision [in another case] would have a substantial or controlling effect on the claims and issues in the stayed case." *Patel*, 2019 WL 13273211, at *1.

## III.    Discussion

The Defendant argues that a stay is warranted in the present action because proceeding to trial while the second action is pending creates a risk of inconsistent findings and therefore, of prejudice to the Defendant. (Mot. to Stay at 5). The Defendant acknowledges that consolidation may instead be appropriate but urges the Court to stay the present action for the time being until the Court determines if dismissal of the second action is warranted. (*Id.*

3

at 6-7). The Defendant asserts that the factors weigh in favor of granting a stay here because any prejudice to the Plaintiffs would be of their own making due to their filing separate actions to pursue claims arising from the same set of facts. (*Id.* at 8-10). Additionally, the Defendant argues that a stay would only simplify the issues because either the second action will be dismissed, streamlining the present action, or the Court can later consider whether the two actions should be consolidated. (*Id.* at 10-11). Finally, the Defendant notes that a trial date has not been set in either action and discovery has not yet commenced in the second action. (*Id.* at 12-13).

The Plaintiffs oppose the stay, arguing that the Defendant is attempting to delay resolution of this action by seeking a stay and that the Defendant has engaged in other dilatory conduct. (Pls.' Resp. in Opp. to Mot. to Stay at 6-8). The Plaintiffs also contend that they gave the Defendant advance notice of their intent to file a separate action against Havener and Mace and that the Defendant's claims that it was blindsided by the second action are therefore disingenuous. (*Id.* at 8-10). The Plaintiffs argue that the issues in the second action are distinct from those presented in this action and that there is no chance of inconsistent outcomes between the two because Havener and Mace will be bound by collateral estoppel on any conclusions made in this action. (*Id.* at 11-13, 17-22). As a result, the Plaintiffs argue, they would be prejudiced by continued delays in the present action because they are ready to set a trial date, the issues presented by the two actions are "wholly distinct," and "but for

PGi's gamesmanship," this matter would be ripe for trial. (*Id.* at 14-17).

The Court's analysis requires some context as to the Plaintiffs' claims against Havener and Mace in the second action. There, the Plaintiffs allege that Havener and Mace essentially induced them to enter SOW No. 8 by making false statements as to PGi's financial health, which lead the Plaintiffs to believe that PGi would pay the invoices sent by the Plaintiffs as promised. *HCL Am. Inc., et al. v. Mace, et al.*, No. 22-cv-4540-TWT, Compl. ¶¶ 9-22. The Plaintiffs further allege that they would not have entered into SOW No. 8 if not for Havener and Mace's material omissions and provision of false information as to PGi's financial situation. *Id.* ¶¶ 22-24. On that basis, the Plaintiffs brought claims in the second action for negligent misrepresentation, fraudulent inducement, and fraud. *Id.* ¶¶ 75-129.

The Court finds that a stay of the present action is warranted pending a ruling on the Motion to Dismiss in the second action. First, a stay will not prejudice either side or disadvantage the Plaintiffs. As the Defendant notes, the Court is likely to have to consider whether to consolidate the two actions if the Motion to Dismiss in the second action is not granted before the present action may proceed to trial, and therefore, it is most efficient to consider the Motion to Dismiss first. To that end, the Plaintiffs would be most prejudiced if forced to oppose a Motion to Consolidate while prepping for trial in this action, while also opposing a Motion to Dismiss in the second action. Second, a stay certainly will help simplify the issues in the present case because, if the Motion

to Dismiss is granted, the Court need not consider whether to consolidate the present action, which would make the present case more complex. Further, despite the Plaintiffs' contentions otherwise, the two actions arise out of the same set of facts—namely, the alleged breaches of SOW. No. 8. And third, while discovery is complete in the present action, no trial date has been set at this time. Additionally, although discovery has not yet commenced in the second action, it is likely to overlap substantially with discovery in the present action given that both actions arise from the same set of facts.

The Plaintiffs' argument that Havener and Mace will be bound by collateral estoppel as to any findings made in the present action gives the Court pause. It is curious that the Plaintiffs could argue in one breath that the two actions are so distinct as to be "unrelated" and not subject to consolidation, but in their next breath argue that the issues would overlap such that collateral estoppel could apply. *See Body of Christ Overcoming Church of God, Inc. v. Brinson*, 287 Ga. 485, 486 (2010) (noting that collateral estoppel "precludes the re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies." (citation omitted)); (*see* Pls.' Br. in Opp. to Mot. to Stay at 14-17 (stating that the two actions are "wholly distinct"). To the extent the issues do overlap, that is all the more justification for granting a stay in the present action. *See Patel*, 2019 WL 13273211, at *1. In any event, it is premature at this stage for the Court to consider the potential applicability of collateral estoppel before the

6

present case has proceeded to trial and before discovery has commenced in the second action. Finally, whether the Plaintiffs informed the Defendant in advance of their intent to file the related action has no bearing whatsoever on whether the stay factors have been satisfied, and the Court finds that they have. *See Tomco Equip. Co.*, 542 F. Supp. 2d at 1307.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion for Temporary Stay [Doc. 48] is GRANTED. This action is hereby STAYED until 30 days after entry of the Court's Order on the pending Motion to Dismiss [Doc. 23] in *HCL Am. Inc., et al. v. Mace, et al.*, No. 22-cv-4540-TWT. Upon entry of that Order, the parties to this action shall have 30 days to either move to consolidate this action and the second action, or if the second action is dismissed, to file the proposed consolidated pretrial order in this action in accordance with the Local Rules.

SO ORDERED, this ___10th___ day of July, 2023.

*[Signature]*
THOMAS W. THRASH, JR.
United States District Judge